# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FRANCES HILDEBRAND, ET AL., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| vs. | ) | NO. CIV-13-0951-HE |
| | ) | |
| ED LAKE, Director of OKLAHOMA DEPARTMENT OF HUMAN SERVICES, ET AL., | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiffs brought this case pursuant to 42 U.S.C. § 1983, alleging that their rights under federal law were violated by the August 7, 2013, decision of the Oklahoma Department of Human Services denying Medicaid eligibility for plaintiff Frances Hildebrand. Plaintiffs have moved for entry of a preliminary injunction directing the defendants to place Mrs. Hildebrand in Medicaid pay status during the pendency of this case. The court held a hearing on the motion on October 16, 2013. Based on the evidence presented at the hearing, together with the parties' other submissions, the court concludes the motion should be denied.

A party seeking a preliminary injunction must satisfy a four-factor test. The requesting party must demonstrate (1) that she has a substantial likelihood of prevailing on the merits; (2) that she will suffer irreparable harm unless the preliminary injunction is issued; (3) that the threatened injury outweighs the harm the preliminary injunction might cause the opposing party; and (4) that the preliminary injunction, if issued, will not adversely

1

affect the public interest.  *See* Fed. Lands Legal Consortium v. United States, 195 F.3d 1190, 1194 (10th Cir. 1999).  "As a preliminary injunction is an extraordinary remedy, the [requesting party's] right to relief must be clear and unequivocal."  SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d, 1096, 1098 (10th Cir. 1991) (overruled on other grounds).  Further, as the preliminary injunction sought here would alter the status quo and mandate action by the state, a heightened showing is necessary.  Plaintiffs must make a "strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harm."  *See* O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975-6 (10th Cir. 2004).

As to the first element, the question is whether plaintiffs have produced sufficient evidence to show they are likely to succeed in establishing the August 7 denial of benefits to have been wrongful.[1]  In the present circumstances, that question turns on the status of two annuities purchased by plaintiff's husband.  Broadly stated, if the annuities meet certain specified requirements,[2] they are considered income of Mr. Hildebrand rather than countable resources available to Mrs. Hildebrand, and would therefore not affect Mrs. Hildebrand's Medicaid eligibility.  The parties agree that, in order to meet the specified requirements, the annuities must, among other things, be irrevocable, non-assignable and non-transferable, and must specify the Medicaid program as the remainder beneficiary of the annuity.

---

[1]*The court assumes, without deciding, that a private right of action exists for a violation of the sort alleged here by plaintiffs.*

[2] *See* 42 U.S.C. § 1396p(c)(1)(G).

2

The evidence offered at the hearing indicates that, after some initial confusion on the part of plaintiffs, their counsel, and/or the annuity company, the annuities purchased were irrevocable, non-assignable, and non-transferable and made the program the remainder beneficiary. However, the evidence also established that, due to the confusion or mistake, what was actually submitted to DHS did <u>not</u> indicate compliance, as to at least one of the annuities, with those requirements. Rather, the actual submissions to DHS indicated one of the annuities was assignable, with a remainder beneficiary other than the program. The "corrected" annuity, apparently reflecting what the parties originally intended, was not submitted to DHS until, at best, a few days before the injunction hearing and after this case was filed.[3] The result is that there appears to be little, if any, likelihood that plaintiff can prevail on the merits, i.e. establishing that defendants' August 7 denial of eligibility was wrongful. Defendants' decision, and their potential liability under § 1983,[4] must be evaluated based on what was actually submitted to it. As the court concludes plaintiffs have

---

[3]*There was no actual evidence as to the date when the "corrected" annuity was provided to DHS, if at all. Counsel for one defendant indicated a copy of the amended annuity was provided a day or two prior to the hearing; other counsel indicated they had never been provided it prior to the hearing.*

[4]*The court finds particularly troubling the claim asserted against defendant Oblander in his individual capacity. Oblander is alleged to be the OKDHS caseworker who made the initial eligibility determination. Plaintiffs seek money damages from Oblander based on his allegedly incorrect decision. Given what was submitted to DHS and Oblander, there is zero basis for a claim against him. Moreover, even if the documentation submitted had been free of the mistakes and confusion referenced above, an assertion of personal liability as to him would likely have occasioned the prompt application of the doctrine of qualified immunity. In any event, the court looks forward to plaintiffs' immediate dismissal of the claims against Mr. Oblander, in his individual capacity, per their indication to that effect at the hearing.*

3

not shown a likelihood of success on the merits, it is unnecessary to address the other preliminary injunction factors.

With the corrected annuities they have now procured, plaintiffs may well elect to submit a new or revised application to defendants. Should they do so, and if a further denial results,[5] the court would expect plaintiffs to exhaust whatever internal appeal or similar remedies are available to them through the state agencies involved, prior to seeking to amend here or to otherwise assert a claim based on such denial.[6]

For the reasons stated, plaintiff's motion for preliminary injunction [Doc. #3] is **DENIED**.

**IT IS SO ORDERED**.

Dated this 18th day of October, 2013.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE

---

[5]*Counsel for DHS indicated his view that, even if the annuities otherwise qualified based on issues of assignability and the like, an issue would still remain based on the propriety of the asset transfers involved here. While counsel's position appears to be at odds with HHS guidance, based on the identity of the person purchasing the annuity (see Defendant's Exhibit 9), it is unnecessary to resolve the question here.*

[6]*Exhaustion of administrative remedies may or may not be required as to claims of this sort. However, to the extent some discretionary determination by this court is involved in deciding a request for relief, the presence or absence of exhaustion might well affect it.*